BORUS WATON, INCORPORATED, A CORPORATION OF NEW JERSEY, RESPONDENT, v. FREDERICK C. HENN, DEFENDANT-APPELLANT, AND MODEL CONSTRUCTION COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, AND JOEL GROSS, RECEIVER, DEFENDANTS.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Alfred L. Kettell* (*Nicholas S. Schloeder*, of counsel).

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

DALY, J.    This is an appeal of the defendant Frederick C. Henn from a judgment of $8,938.34, entered against him upon a verdict for the plaintiff rendered in the Supreme Court, Essex Circuit.    Plaintiff contracted in writing to do the plumbing and heating work in a building owned and being erected by the defendant Model Construction Company, Incorporated, and Frederick C. Henn, the present appellant, personally guaranteed the payment of the contract price.    The guaranty of Henn is evidenced by writing attached to the contract.    The action was against both Henn and the owner and the plaintiff recovered verdicts against both.    Henn, alone, appeals.

The wording of the guaranty made by Henn was as follows:

"In consideration of Borus Waton, Incorporated, strictly complying with the terms and conditions of the foregoing agreement, Frederick C. Henn, made a party to this contract, does hereby undertake and guarantee the payments mentioned as the consideration for the performance of the work for the Model Construction Company."

The defense was that the work had not been performed strictly in accordance with the contract and that the contract had been altered so as to discharge the guarantor.    The many alleged legal errors complained of by the appellant, throughout a record of over six hundred pages, are grouped together and reduced to seven points in his brief.

1.    It is urged that the trial court erroneously submitted

to the jury the issue of substantial performance of the contract sued upon as against the guarantor although it was asserted in the guaranty that it was given "in consideration of strictly complying with the terms and conditions of the foregoing agreement." The trial judge charged that if the jury should find as a matter of fact that there was a substantial compliance with the contract then the plaintiff was entitled to recover. Carry the appellant's argument to the limit of his contention as to the meaning and effect of the word "strictly" as used in the guaranty and the guaranty would be unenforceable if there was a failure in some minor particulars in the performance of the plumbing and heating work—perfection alone would satisfy. The plaintiff was entitled to recover from the owner if he proved a substantial performance of the work. *Feeney* v. *Bardsley*, 66 *N. J. L.* 239; *Dyer* v. *Lintz*, 76 *Id.* 204; *Brawnworth* v. *Borough of Verona*, 94 *Id.* 194. Surely the meaning and effect of the language employed in the written guaranty to the mind of the plaintiff—as it would have been to the mind of any normal person—was that if he performed his work for the owner as the law required him to do, under the contract between them, then Henn, the guarantor was bound to pay him, if the owner failed so to do; and surely the guarantor—a lawyer of nineteen years' experience—must have fully known that such was the understanding of the plaintiff under which he, the plaintiff, accepted the guaranty, and under the strength of which he proceeded to do the work. The contract of guaranty should be read with the building contract, and there is no suggestion of any reason why the guarantor should be entitled to demand any higher standard of work than the owner was entitled to demand. The trial judge was right in his charge in this direction.

2. The contention is made that there was a material alteration in the contract, and that such alteration discharged the guarantor. The original contract provided for changes with the written consent of the owner. With the consent of the owner, there was installed an Arco No. 758 boiler, also known as an Ideal American boiler, instead of a Pacific

steel boiler, as called for in the contract. This does not show any material alteration of the contract. The change made did not in any way increase the risk of the guarantor. There is no merit to this contention.

3. The defendant asserts that it was error for the court to refuse to charge the following request: "10. If you find that the extra work performed by the plaintiff, amounting to $150 was done at the request of the Model Construction Company, there being no written guarantee signed by the defendant Frederick C. Henn guaranteeing the payment of the same then your verdict must be in favor of the defendant Frederick C. Henn and against the plaintiff, a verdict of no cause of action." It was not error to refuse a request so crude and inaccurate. Of course, the guarantor was not obliged to pay for extra work, but the fact that extra work was done in nowise changed or increased his obligation, nor does it operate to discharge him since it did not in any way change or alter the obligation. In addition, it is to be noted that the item of $150 referred to was one which he personally ordered and incurred.

4. Appellant complains because the court refused to charge that: "A guarantor is a favorite of the law." No authority is cited that would justify charging this bare proposition; the language was entirely too general to safely guide the jury to a proper verdict.

5. Contention is made that it was error for the court to admit *Exhibit P-3* in evidence. This was a pamphlet of the American Radiator Company explaining to the trade the size of boiler required in connection with the products put out by that company. It is true that the witness, through whom the pamphlet was introduced, admitted that he did not know how it was made up, but its admission was harmless, as the record does not show nor does the appellant indicate where any injury could have possibly resulted to the defendant from its admission. The main question in this case was that of substantial compliance, and there was abundance of proof by expert mechanics and others to show substantial compliance with the contract.

6. Contention is made that it was error for the court to refuse to permit a witness to testify to what the American Radiator Company meant when they said in their pamphlet (*Exhibit P-3*) that a certain boiler has a certain rating. The court ruled that the witness could not testify to "what somebody else means." In this he was correct.

7. Appellant claims that the court erroneously denied the motion for nonsuit. We find no merit in this contention or in the argument advanced to support the same.

The judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.    15.

*For reversal*—None.